LORI E. ANDRUS (SBN 205816)
lori@andrusanderson.com
JENNIE LEE ANDERSON (SBN 203586)
jennie@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:  (415) 986-1400
Facsimile:  (415) 986-1474

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JANE DOE,<br><br>           Plaintiff,<br><br>     vs.<br><br>STUART DINNIS,<br><br>           Defendant. | CASE NO. 4:18-cv-05393-DMR<br><br>**MOTION FOR ADMINISTRATIVE RELIEF AND TO PROCEED USING A PSEUDONYM** |

## I.  INTRODUCTION

"Jane Doe" brings this action following a sexual assault by Defendant Stuart Dinnis, a Virgin America, Inc. executive.

Although Defendants are aware of Plaintiff's identity, her identity has not been disclosed publicly. Plaintiff wishes to pursue this action anonymously for several reasons, discussed herein.

## II.  Ninth Circuit Courts Routinely Allow Victims of Sexual Assault to Proceed Anonymously

The Ninth Circuit has held that a party "may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing that party's identity." *Does I thru XXIII v. Advance Textile*, 214 F.3d 1058, 1068 (9th Cir. 2000). Factors evaluated to determine the need for anonymity include: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.*

Courts in this Circuit routinely permit litigants alleging sexual assault claims to proceed anonymously. *See Jane Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011) (holding that because plaintiff's allegations involved a sexual assault, she could proceed anonymously) (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of … rape victims, and other particularly vulnerable parties or witnesses")); *E.E.O.C. v. ABM Industries, Inc.*, 249 F.R.D. 588, 592 (E.D. Cal. 2008) (victims of sexual harassment and sexual crimes allowed to participate in litigation anonymously).

In *Penzato*, the plaintiff survivor sought anonymity on the grounds that the case involved matters of "a highly sensitive and personal nature" to her, "including the emotional and psychological impact of being a victim of sexual battery." 2011 WL 1883300 at *4. The plaintiff further argued that the publication of her name would open her to inquiries from the press and other interested individuals, and that her ability to recover from her trauma would be compromised. *Id.* at *5. The *Penzato* court ultimately granted the plaintiff's application to proceed anonymously, and even went so far as to find that "the public generally has a strong interest in protecting the identity of sexual assault victims of that other victims will not be deterred from reporting such crimes." *Id.*

### III. Plaintiff Should Be Permitted to Proceed Anonymously.

Here, Plaintiff should also be permitted to pursue this action anonymously. Plaintiff's need for anonymity does not present any prejudice to Defendant, and outweighs the public's interest in knowing her identity.

If Plaintiff's identity is not shielded, she reasonably fears that she will be subject to harm. It is well known that substantial stigma attached to sexual assault can and does detrimentally affect victims' employment and social prospects. *See* Paul Marcus & Tara L. McMahon, *Limiting Disclosure on Rape Victim's Identities*, 64 S. CAL. L. REV. 1020, 1030-36 (1991) (discussing the stigma attached to rape).

Furthermore, Plaintiff also fears that she could be the subject of unwanted media attention and scrutiny if her identity is revealed, given the high profile nature of Defendant. Plaintiff also reasonably fears that revealing her identity could harm her professional relationships and future career aspirations.

Lastly, other victims of sexual assault will likely be deterred from pursuing the vindication of

their legal rights against those who caused their injuries if Plaintiff is required to reveal her identity. Thus, the public arguably has a strong interest in protecting Plaintiff's identity.

Accordingly, Plaintiff respectfully requests that the Court permit her to proceed with this action anonymously.

DATED: September 14, 2018

By: _____
Lori E. Andrus

Lori E. Andrus (SBN 205816)
lori@andrusanderson.com
Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:  (415) 986-1400
Facsimile:   (415) 986-1474

*Attorneys for Plaintiff*

# PROOF OF SERVICE

Case Name.: Doe v. Virgin America, Inc., et al.     Case No.: 4:18-cv-02420-DMR

I hereby certify that on September 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing on the following attorneys:

> PAUL J. BYRNE (SBN 190860)
> pbyrne@cornerlaw.com
> JOHN C. BROWN (SBN 195804)
> jbrown@cornerlaw.com
> CORNERSTONE LAW GROUP
> 351 California Street, Suite 600
> San Francisco, CA 94104
> *Attorneys for Defendants Virgin America, Inc. and Alaska Air Group, Inc.*

/s/ *Gloria Der*
Gloria Der