LORI E. ANDRUS (SBN 205816)
lori@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JANE DOE, | **CASE NO. 4:18-cv-05393-DMR** |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR JUDGMENT UPON DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| vs. | |
| STUART DINNIS, | |
| Defendant. | |

# TABLE OF CONTENTS

I. FACTUAL AND PROCEDURAL BACKGROUND ............................................................... 2
   A. Plaintiff's Allegations ............................................................................................................ 2
   B. Procedural History ................................................................................................................. 3
II. ARGUMENT ............................................................................................................................ 3
   A. Standard for Entering Default Judgment ............................................................................... 3
   B. The Court Has Subject Matter Jurisdiction Over the Action and Personal Jurisdiction Over the Defendant. ...................................................................................................................... 4
   C. The *Eitel* Factors Support the Entry of Default Judgment .................................................... 5
      1. Factor One: Plaintiff Will be Prejudiced if Default is Not Entered. ................................. 5
      2. Factors Two and Three: Plaintiff Would Likely Prevail on Her Claims............................. 5
         a. Intentional Infliction of Emotional Distress ............................................................. 6
         b. Negligent Infliction of Emotional Distress .............................................................. 7
         c. Assault....................................................................................................................... 7
         d. Battery....................................................................................................................... 8
      3. Factor Four: Amount of Money at Stake............................................................................ 9
      4. Factor Five: There Are No Disputed Material Facts. ........................................................ 9
      5. Factor Six: Dinnis' Failure to Respond Is Not Excusable Neglect. ................................... 9
      6. Factor Seven: Policy Favoring Merits Determination Does Not Prevent Entry of Default Judgment. ......................................................................................................................... 10
   D. Plaintiff is Entitled to Damages for Her Injuries................................................................. 10
      1. Plaintiff's Damages Calculation for Her Personal Injuries is Reasonable and Should Be Awarded. .......................................................................................................................... 11
      2. Plaintiff's Calculation for Her Loss of Past and Future Income is Well Supported and Should Be Awarded.......................................................................................................... 12
III. CONCLUSION ...................................................................................................................... 13

# TABLE OF AUTHORITIES

**STATE CASES**

*Hughes v. Pair*
　46 Cal. 4th 1035 (2009) ........................................................................................................ 6
*Leontaritis v. Koursaris*
　No. BC309027, 2006 WL 4004015 (L.A. Sup. Ct. October 3, 2006) ............................... 12
*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*
　48 Cal. 3d 583 (1989) ........................................................................................................... 7
*Ragland v. U.S. Bank Nat'l Assn.*
　209 Cal. App. 4th 182 (2012) ............................................................................................... 7
*So v. Shin*
　212 Cal. App. 4th 652 (2013) ............................................................................................... 8

**FEDERAL CASES**

*Aldabe v. Aldabe*
　616 F.2d 1089 (9th Cir. 1980) ............................................................................................. 4
*Anunciation v. W. Capital Fin. Servs. Corp.*
　97 F.3d 1458 (9th Cir. 1996) ............................................................................................. 10
*Bohnert v. Roman Cath. Archbishop of S.F.*
　136 F. Supp. 3d 1094 (N.D. Cal. 2015) ............................................................................... 6
*Boswell v. Fed. Express Corp.*
　Case No. 3:04-cv-00098-SYI, 2007 WL 1412590 (N.D. Cal. April 11, 2007) ................. 12
*Canada Inc. v. Novak*
　Case No. CV1605584RGKAFMX, 2017 WL 3048655 (C.D. Cal. Mar. 1, 2017) ..... 5, 9, 10
*Cassino v. Reichhold Chems., Inc.*
　817 F.2d 1338 (9th Cir. 1987) ........................................................................................... 13
*Coughlin v. Hilton Hotel Corp.*
　JVR No. 176049, 1994 WL 900364 (D. Nev. October 1994) .......................................... 12
*Delphix Corp. v. Embarcadero Techs., Inc.*
　Case No. 16-16572, 2018 WL 4334149 (9th Cir. Sept. 11, 2018) ...................................... 5
*Dickson Marine Inc. v. Panalpina, Inc.*
　179 F.3d 331 (5th Cir. 1999) ............................................................................................... 4
*Disney Enterprises, Inc. v. Vuong Tran*
　Case No. 12-5030 SC, 2013 WL 1832563 (N.D. Cal. May 1, 2013) .................................. 4
*Eitel v. McCool*
　782 F.2d 1470 (9th Cir. 1986) ................................................................................. 4, 5, 9, 10
*Henry v. Sneiders*
　490 F.2d 315 (9th Cir. 1974) ............................................................................................. 10
*In re Tuli*
　172 F.3d 707 (9th Cir. 1999) ............................................................................................... 4
*Levine v. Sleep Train*
　Case No. 2:15-CV-0002 WBS AC, 2016 WL 2961100 (E.D. Cal. May 23, 2016) .... 5, 9, 10
*Levine v. Sleep Train*
　Case No. 2:15-CV-0002 WBS AC, 2016 WL 3418350 (E.D. Cal. June 22, 2016) ........... 5
*PepsiCo, Inc. v. Cal. Sec. Cans*
　238 F. Supp. 2d 1172 (C.D. Cal. 2002) ............................................................................... 5

*Ramser v. Laielli*
   Case No. 15-CV-2018-CAB-DHB, 2017 WL 4169721, (S.D. Cal. Sept. 20, 2017) .......................... 12
*Steel v. U.S.*
   813 F.2d 1545 (9th Cir. 1987) ................................................................................................... 5
*TeleVideo Sys., Inc. v. Heidenthal*
   826 F.2d 915 (9th Cir. 1987) ..................................................................................................... 4
*Topete v. Ramos Furniture*
   Case No. 1:16-cv-00271-DAD-EPG, 2018 WL 4006556 (E.D. Cal. Aug. 20, 2018) .......................... 9
*Twitch Interactive, Inc. v. Johnston*
   Case No. 16-CV-03404-BLF, 2018 WL 1449525 (N.D. Cal. Jan. 22, 2018) ...................................... 9

**STATE STATUTES**
CACI No. 1300 ................................................................................................................................ 8
CACI No. 1301 ................................................................................................................................ 8
CACI No. 1600 ................................................................................................................................ 6
CACI No. 1620 ................................................................................................................................ 7
CACI No. 3904b, Worksheet A ..................................................................................................... 13

**FEDERAL STATUTES**
28 U.S.C. § 1332(a)(3) ..................................................................................................................... 4
28 U.S.C. § 1332(a)(1) ..................................................................................................................... 4
28 U.S.C. § 1367(a) ......................................................................................................................... 4
Fed. R. Civ. Proc. 12(a)(1)(A)(ii) ..................................................................................................... 3
Fed. R. Civ. Proc. 55(b) ................................................................................................. 1, 2, 3, 4, 10

# NOTICE AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a time to be determined, Plaintiff Jane Does will and hereby does move for entry of judgment upon default. This motion is brought pursuant to Federal Rule of Civil Procedure 55(b)(2), after entry of default, and on the failure of Defendant Stuart Dinnis to respond to the Complaint. This Motion is based on this Notice and Motion, the Memorandum of Points and Authorities filed herewith, the declarations of Jane Doe, Jane Doe's Daughter, Benjamin J. Albritton, and Paul Laprairie, the pleadings and papers on file herein, and upon such other evidence or argument as may be presented to the Court.

DATED: March 1, 2019						By: _____*/s/ Lori E. Andrus*_____
										Lori E. Andrus

										Lori E. Andrus (SBN 205816)
										lori@andrusanderson.com
										**ANDRUS ANDERSON LLP**
										155 Montgomery Street, Suite 900
										San Francisco, CA 94104
										Telephone:  (415) 986-1400
										Facsimile:   (415) 986-1474

										*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. Proc. 55(b)(2), plaintiff Jane Doe ("Plaintiff") seeks a default judgment against defendant Stuart Dinnis ("Dinnis"). Dinnis was served with the summons and Complaint, but failed to file an answer or otherwise defend, resulting in the clerk's entry of default on December 20, 2018. *See* Clerk's Notice Entry of Default, Docket at 36 (Dec. 20, 2018). Plaintiff now requests that the Court enter the attached proposed Default Judgment. The Default Judgment award includes a monetary judgment of $1,310,537.45 to be imposed upon Dinnis.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

#### A.    Plaintiff's Allegations

The Complaint alleges that Plaintiff was responsible for business development and management of panel partnerships at Research Now, with job responsibilities including building and maintaining key strategic relationships with loyalty professionals, including airline executives. Complaint ¶ 13. As part of her job, Plaintiff travelled to a loyalty conference in Toronto, Canada. *Id.* ¶ 14. Defendant Dinnis was present at the same conference as Director of Loyalty at the airline Virgin America, Inc. *Id.* At a partner appreciation party at the loyalty conference, Plaintiff was introduced to Dinnis, who attempted to dance with her while noticeably drunk. *Id.* ¶¶ 16-18. Plaintiff left the dance area, but was approached by Dinnis again, where he stumbled and spilled red wine on Plaintiff's face and hair. *Id.* Plaintiff left the appreciation party and returned to her hotel, where Dinnis was waiting in the lobby. *Id.* ¶ 19. Dinnis followed Plaintiff into her elevator, where he kissed her suddenly without warning. *Id.* ¶¶ 21-22. Despite plaintiff's attempt to pull Dinnis away from her, he would not stop kissing her. *Id.* ¶ 22. When the elevator arrived at Dinnis's floor, he attempted to physically pull Plaintiff from the elevator by the back of her neck and by pulling her hair. *Id.* ¶¶ 23-24. Plaintiff wedged her foot in the elevator to prevent being pulled out. *Id.* ¶ 24. Dinnis aggressively returned inside the elevator while escalating his kissing of Plaintiff to include grabbing her rear end and pulling her body against his groin. *Id.* ¶ 25. Plaintiff told him "no" repeatedly, but he would not relent until the elevator returned to the ground floor and Plaintiff's colleague entered the elevator. *Id.* ¶ 26-27. Plaintiff made small talk with her colleague, but when the colleague's floor was reached, he departed the elevator and Plaintiff was once again left

alone with Dinnis. *Id.* ¶ 27.

Dinnis resumed his attack, holding Plaintiff's neck with his hands and forcibly kissing her. *Id.* ¶ 28. When the elevator arrived at Plaintiff's floor, Plaintiff made for her room, but Dinnis pursued. *Id.* ¶ 29. When Plaintiff opened her room door, Dinnis grabbed her by the neck and began pushing her into her room, telling her that "You want it." *Id.* ¶¶ 29-30. Plaintiff crouched low and against the hallway wall and fought off Dinnis's hands while refusing to budge. *Id.* ¶¶ 31-32. When Dinnis realized Plaintiff wasn't getting up, he finally walked away, leaving Plaintiff shaking and terrified. *Id.* ¶ 33.

Since Dinnis's assault on Plaintiff, she has experienced high anxiety while travelling, particularly in elevators. *Id.* ¶ 40. As a result of the assault, Plaintiff left her employment with Research Now, as it required her to travel alone on a regular basis. *Id.* Dinnis' conduct was willful and was undertaken in conscious and/or reckless disregard of the safety of others, including Plaintiff. *Id.* ¶ 49.

**B.    Procedural History**

Plaintiff filed the Complaint on April 23, 2018 naming as defendants Stuart Dinnis, as well as Alaska Air Group, Inc. and Virgin America, Inc. ("Airline Defendants"). Docket at 1. On June 4, 2018 Dinnis was personally served in Brisbane, Australia via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial matters. *See* Affidavit of Service, Docket at 16 (June 12, 2018). The deadline for Dinnis to respond to the Complaint was September 2, 2018. Fed. R. Civ. Proc. 12(a)(1)(A)(ii). On August 30, 2018 Plaintiff's claims against the Airline Defendants were severed from her claims against Dinnis. Docket at 30. Dinnis has not responded to the Complaint and neither he nor any counsel on his behalf have contacted Plaintiff or her counsel since the Complaint was filed. Declaration of Paul Laprairie ¶ 2 ("Laprairie Decl."). On December 20, 2018 the Clerk entered default against Dinnis. Docket at 36. Plaintiff now asks the Court to enter default judgment against Dinnis.

**II.    ARGUMENT**

**A.    Standard for Entering Default Judgment**

Under Fed. R. Civ. Proc. 55(b)(2), this Court may enter a default judgment against a defendant that has failed to appear and defend. Entry of a default judgment is appropriate if the defendant's

liability is well-pleaded in the complaint and the defendant has failed to participate in the litigation. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

After entry of a default by the clerk, the Court may enter a default judgment against an adult Defendant. *See* Fed. R. Civ. Proc. 55(b)(2). Dinnis is an adult. Complaint ¶ 7. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). As a preliminary matter, the Court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defendant. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). In addition, "the Court must assess the adequacy of the service of process on the party against whom default judgment is requested." *Disney Enterprises, Inc. v. Vuong Tran*, Case No. 12-5030 SC, 2013 WL 1832563, at *1 (N.D. Cal. May 1, 2013). If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the above factors, the Court takes all factual allegations in Plaintiff's complaint as true, except for those relating to damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18.

**B.     The Court Has Subject Matter Jurisdiction Over the Action and Personal Jurisdiction Over the Defendant.**

This Court has subject matter jurisdiction over the claims in this case pursuant to 28 U.S.C. sections 1332(a)(1) and (a)(3) because the controversy exceeds the value of $75,000 and is between a citizen of Texas and a citizen of a foreign country. Complaint ¶¶ 8-9. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. section 1367(a).

This Court has general personal jurisdiction over Dinnis. A "general jurisdiction inquiry is dispute blind, the sole focus being on whether there are continuous and systematic contacts between the defendant and the forum." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999); *see Delphix Corp. v. Embarcadero Techs., Inc.*, Case No. 16-16572, 2018 WL 4334149, at *2 (9th Cir.

Sept. 11, 2018). A "general jurisdiction inquiry should consider all of a defendant's contacts with the forum state prior to the filing of the lawsuit, rather than just those contacts that are related to the particular cause of action the plaintiff asserts." *Id.* "[C]ourts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction." *Steel v. U.S.*, 813 F.2d 1545, 1549 (9th Cir. 1987). At the time of the assault, Dinnis was employed in California by a California corporation and was a resident of California. Complaint ¶¶ 2, 7. Dinnis' residence in California at the time the conduct which generated the subject matter jurisdiction for this suit occurred confers general personal jurisdiction over Dinnis. *See Delphix,* 2018 WL 4334149, at *2 (finding general personal jurisdiction over corporate defendant who relocated headquarters from forum state prior to filing of lawsuit).

  C.  **The *Eitel* Factors Support the Entry of Default Judgment**

  A review of the *Eitel* factors for entry of default judgment shows that they favor entry of default judgment against Dinnis.

    **1. Factor One: Plaintiff Will be Prejudiced if Default is Not Entered.**

  Plaintiff seeks monetary damages for the harm Dinnis' conduct caused her and if default judgment is not entered, she will be barred from recovering against the person who directly harmed her. "This factor is satisfied where, as here, defendant has entirely failed to respond to the complaint." *Levine v. Sleep Train*, Case No. 2:15-CV-0002 WBS AC, 2016 WL 2961100, at *3 (E.D. Cal. May 23, 2016), *report and recommendation adopted sub nom. Levine v. Sleep Train*, Case No. 2:15-CV-0002 WBS AC, 2016 WL 3418350 (E.D. Cal. June 22, 2016). This factor weighs strongly in favor of entry of default judgment.

    **2. Factors Two and Three: Plaintiff Would Likely Prevail on Her Claims.**

  "Taken together, the second and third *Eitel* factors 'require that a plaintiff state a claim on which the plaintiff may recover.'" *Canada Inc. v. Novak*, Case No. CV1605584RGKAFMX, 2017 WL 3048655, at *2 (C.D. Cal. Mar. 1, 2017) (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). Plaintiff moves for default judgment on her causes of action for intentional

infliction of emotional distress, negligent infliction of emotional distress, assault, and battery.[1]

### a. Intentional Infliction of Emotional Distress

As alleged in the complaint, Plaintiff's second cause of action is for intentional infliction of emotional distress. "A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–1051 (2009) (quotation marks omitted); *see also* Judicial Council of California Civil Jury Instructions (CACI) (2017), CACI No. 1600.

Plaintiff's well-pleaded allegations meet all the elements of intentional infliction of emotional distress. Dinnis' attack on Plaintiff was extreme and outrageous, and intentionally or recklessly caused severe emotional distress to Plaintiff. Complaint ¶ 63.

Dinnis' outrageous conduct was not the type of ordinary rude or obnoxious behavior that any person should be expected to tolerate. *Id.* ¶ 64. Rather, Dinnis' repeated kissing of Plaintiff, grabbing of her rear end, pulling her body against his groin, and grabbing her by the neck exceeded all possible bounds of decency. *Id.* ¶ 22-25, 28-32, 64; *see Bohnert v. Roman Cath. Archbishop of S.F.*, 136 F. Supp. 3d 1094, 1124 (N.D. Cal. 2015) (finding a reasonable trier of fact could find multiple instances of sexual harassment, including the taking of "upskirt" photographs, as "extreme and outrageous"). Dinnis acted with intent or recklessness, knowing that Plaintiff was likely to suffer emotional distress, and with deliberate disregard of same. Complaint ¶ 65. Dinnis' conduct caused severe emotional distress and suffering for Plaintiff at levels that no reasonable person should have to endure, including experiencing anxiety while travelling and in elevators. *Id.* ¶¶ 40, 49, 66. As a direct and proximate

---

[1] Plaintiff does not move for default judgment on her claims under California Civil Code § 51.7(a) (seventh cause of action), California Civil Code § 52.1 (eighth cause of action) or California Civil Code § 52.4 (ninth cause of action).

result of Dinnis' conduct, Plaintiff sustained pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment, humiliation, and loss of income. *Id.* ¶¶ 40, 67. Dinnis' conduct was a substantial factor in causing Plaintiff's severe emotional distress. *Id.*

Given the well-pleaded allegations that Dinnis failed to answer or defend, the Court should enter a default judgment against Dinnis on Plaintiff's claim for intentional infliction of emotional distress.

### b. Negligent Infliction of Emotional Distress

As alleged in the Complaint, Plaintiff's third cause of action is for negligent infliction of emotional distress. To prove a claim of negligent infliction of emotional distress, a plaintiff must show that the defendant was negligent, that plaintiff suffered serious emotional distress; and that defendant's negligence was a substantial factor in causing plaintiff's serious emotional distress. CACI No. 1620; *see also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 590 (1989). "'Direct victim' cases are cases in which the plaintiff's claim of emotional distress is not based upon witnessing an injury to someone else, but rather is based upon the violation of a duty owed directly to the plaintiff." *Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 205 (2012).

Dinnis' conduct negligently caused serious emotional distress to Plaintiff. Complaint ¶ 72. Dinnis could reasonably foresee that his action of repeatedly kissing Plaintiff without her consent, grabbing of her rear end, pulling her body against his groin, and grabbing her by the neck would have caused emotional distress to Plaintiff. *Id.* ¶¶ 22-25, 28-32, 73. Plaintiff was in a specific zone of danger in the elevator and the hotel hallway where Dinnis carried out his assault, and at risk of physical harm, causing her fear. *Id.* ¶ 74. Plaintiff immediately suffered distress and emotional harm brought on by Dinnis' actions, which were a substantial factor in causing said distress. *Id.* ¶ 75. As a direct and proximate result of Dinnis' conduct, Plaintiff sustained pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment, humiliation, and loss of income. *Id.* ¶ 76. Dinnis' conduct was a substantial factor in causing Plaintiff's severe emotional distress. *Id.*

Given the well-pleaded allegations that Dinnis failed to answer or defend, the Court should enter a default judgment against Dinnis on Plaintiff's claim for negligent infliction of emotional distress.

### c. Assault

1     As alleged in the Complaint, Plaintiff's fourth cause of action is for assault. "The essential elements of a cause of action for assault are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *So v. Shin,* 212 Cal. App. 4th 652, 668−669 (2013); CACI No. 1301.

    Dinnis assaulted Plaintiff. Dinnis intended to cause apprehension of harmful or offensive conduct against Plaintiff. Complaint ¶ 81. Dinnis' actions of repeatedly kissing Plaintiff without her consent, grabbing of her rear end, pulling her body against his groin, and grabbing her by the neck caused Plaintiff to fear imminent harmful or offensive contact. *Id.* ¶¶ 22-25, 28-32, 82. Plaintiff did not consent to Dinnis' conduct. *Id.* ¶ 83. Plaintiff was harmed by the apprehension created by Dinnis' conduct and Dinnis' conduct was a substantial factor in causing that harm. *Id.* ¶ 85.

    Given the well-pleaded allegations that Dinnis failed to answer or defend, the Court should enter a default judgment against Dinnis on Plaintiff's claim for assault.

### d. Battery

    As alleged in the Complaint, Plaintiff's fifth cause of action is for battery. "The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." *So,* 212 Cal. App. 4th at 669; CACI No. 1300.

    Dinnis battered Plaintiff. Dinnis intended to commit an act of unwanted contact against Plaintiff. Complaint ¶ 90. Dinnis committed unwanted contact with Plaintiff's person in a harmful or offensive manner, by repeatedly kissing Plaintiff without her consent, grabbing of her rear end, pulling her body against his groin, and grabbing her by the neck. *Id.* ¶¶ 22-25, 28-32. 91. Plaintiff did not consent to the contact. *Id.* ¶ 92. Dinnis' battery of Plaintiff caused harm, including physical, mental, and emotional harm. *Id.* ¶ 93. A reasonable person would have been offended by the contact. *Id.* ¶ 94.

Given the well-pleaded allegations that Dinnis failed to answer or defend, the Court should enter a default judgment against Dinnis on Plaintiff's claim for battery.

### 3. Factor Four: Amount of Money at Stake

Under the fourth *Eitel* factor, the court must consider "the sum of money at stake in the action." *Eitel*, 782 F.2d at 1471. Plaintiff seeks $1,310,537.45 in total damages. Plaintiff has provided evidence of the amount of damages in the Declarations of Jane Doe and Paul Laprairie. The declarations and attached exhibits show the amount of harm and lost income expected as a result of Dinnis' conduct. As Dinnis' liability directly stems from his unlawful conduct, this factor does not weigh against entering default judgment. *See Canada Inc.*, 2017 WL 3048655, at *3 (where defendant's unlawful conduct caused $376,605.95 in damages the fourth *Eitel* factor did not weigh against default judgment); *Twitch Interactive, Inc. v. Johnston*, Case No. 16-CV-03404-BLF, 2018 WL 1449525, at *15 (N.D. Cal. Jan. 22, 2018) (awarding default judgment of $1,316,139 in actual profits and $55,000 in statutory damages).

### 4. Factor Five: There Are No Disputed Material Facts.

Under the fifth *Eitel* factor, the court must consider "the possibility of a dispute concerning material facts." *Eitel*, 782 F.2d at 1471. Where a defendant has not appeared and has not contradicted the well-pleaded allegations, "there is little possibility of dispute" and this factor weighs in favor of granting default judgment. *Topete v. Ramos Furniture*, Case No. :16-cv-00271-DAD-EPG, 2018 WL 4006556, at *8 (E.D. Cal. Aug. 20, 2018)   Since Dinnis has not appeared in this lawsuit or contradicted the allegations in the Complaint in any way, this factor weighs in favor of entry of default judgment.

### 5. Factor Six: Dinnis' Failure to Respond Is Not Excusable Neglect.

Under the sixth *Eitel* factor, the Court must consider "whether the default was due to excusable neglect." *Eitel*, 782 F.2d at 1471. Dinnis has made no appearance at all despite being served with the Complaint and despite the press coverage this suit has received. *See When the Client is a Harasser*, The Wall Street Journal, July 7-8, 2018 (attached as Exhibit C to the Laprairie Decl.). No excuse has been made for his neglect in defending this suit on the merits. As such, this factor weighs in favor of entry of default judgment. *See Levine*, 2016 WL 2961100, at *5 n.8; *Topete*, WL 4006556, at *8 (where there is no evidence that a defendant's failure to participate in the litigation is due to excusable neglect,

this factor weighs in favor of entry of default judgment).

### 6. Factor Seven: Policy Favoring Merits Determination Does Not Prevent Entry of Default Judgment.

Under the seventh *Eitel* factor, the Court must consider "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471. Although this factor weighs against default judgment, "standing alone, it cannot preclude a summary judgment"[2] as "[o]therwise, Fed. R. Civ. P. 55(b) – which provides for a default judgment without a determination on the merits – would have no meaning." *Levine*, 2016 WL 2961100 at *6. Accordingly, this factor's weight against default judgment does not preclude entry of default judgment.

As Plaintiff has alleged facts that taken as true entitle her to judgment, Plaintiff would be prejudiced in that she would not be able to recover for her injuries against Dinnis without default judgment, and Dinnis has failed to respond to the Complaint despite ample time to do so, the *Eitel* factors favor entry of default judgment.

### D. Plaintiff is Entitled to Damages for Her Injuries.

The Ninth Circuit has held that general allegations of damages in a prayer for relief are sufficient to support a default judgment, as long as the defendant is given "reasonable notice of the potential amount at stake," and the prayer seeks an amount to be "proved at the time of trial." *Anunciation v. W. Capital Fin. Servs. Corp.*, 97 F.3d 1458 (9th Cir. 1996) (citing *Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974) (praying for "additional damages...the amount of which was to be proved at trial" is sufficient to satisfy Rule 54(c)). This reasoning is consistent with the purpose of Rule 54(c), which is to put the defendant "on notice of the extent of his liability if he chooses not to defend a claim." *Canada Inc*, 2017 WL 3048655, at *3.

In her Complaint, Plaintiff sought "[a]ll actual, compensatory, liquidated, consequential and general damages, including but not limited to damages for emotional distress, humiliation, embarrassment, anguish, and loss of income, according to proof." Complaint, Relief Requested, ¶ a.

---

[2] Although the Court in *Levine* used the word "summary" here, it is clear it meant "default" as it was examining the *Eitel* factors, which are used in default and not summary judgment, and the Court used "default" in the next sentence.

She further sought "[e]xemplary and punitive damages in an amount commensurate with Defendants' ability to pay and deter future conduct to the extent allowable by law" and "[p]re-judgment and post-judgment interest, as provided by law." *Id.* ¶¶ b, e. The Complaint served on Dinnis was thus sufficient to put him on notice of the extent of his liability and give him an opportunity to defend against these claims.

**1. Plaintiff's Damages Calculation for Her Personal Injuries is Reasonable and Should Be Awarded.**

Plaintiff is entitled to damages for emotional distress, humiliation, embarrassment, anguish according to proof. The impact of the sexual assault on Plaintiff continues to this day. Plaintiff experiences heightened fear and anxiety when she is ▮▮▮▮ or using hotel elevators. Declaration of Jane Doe ¶ 5 ("Doe Decl."). ▮▮▮▮ *Id.*; Deposition of Jane Doe ("Doe Deposition") p. 173, 5-9; Declaration of Benjamin J. Albritton ("Albritton Decl.") ¶ 8. Plaintiff experiences anxiety not only for herself, ▮▮▮▮. Doe Decl. ¶ 6; Albritton Decl. ¶ 9. ▮▮▮▮ Declaration of Jane Doe's Daughter p. 1:22-25, p. 2:5-23. ▮▮▮▮. *See* Doe Deposition pp. 171-173 (describing Doe's experiences ▮▮▮▮ post-assault); Albritton Decl. ¶ 9. Plaintiff has ▮▮▮▮ emotional distress, ▮▮▮▮. Doe Declaration ¶ 7. Plaintiff experiences ▮▮▮▮ ▮▮▮▮ ▮▮▮▮. Albritton Decl. ¶ 16. ▮▮▮▮ ▮▮▮▮.

Plaintiff could reasonably expect to receive $500,000 in non-economic damages. This amount is conservative, as juries have awarded significantly higher amounts to plaintiffs who suffer sexual assaults. For instance, in *Boswell v. Fed. Express Corp.*, the plaintiff received a jury verdict of

1  $3,000,000 from her employer when her manager forcibly kissed her on the mouth at an office event
2  and then retaliated against her at work, causing her to resign. Case No. 3:04-cv-00098-SYI, 2007 WL
3  1412590 (N.D. Cal. April 11, 2007).  Likewise, when a Navy lieutenant and helicopter pilot was
4  sexually assaulted in a hotel at a convention of military aviators, that plaintiff was awarded a verdict of
5  $1,700,000 against the hotel defendant, exclusive of punitive damages. *Coughlin v. Hilton Hotel Corp.*,
6  JVR No. 176049, 1994 WL 900364 (D. Nev. October 1994).  Like Plaintiff Doe, the victim there
7  suffered a sexual assault at a hotel work function and was forced to resign from her chosen career. And
8  where a plaintiff was exposed to aggressive sexual advances by her employer, including where he
9  trapped her in his office and masturbated in front of her, the plaintiff was awarded a $3,965,300 jury
10 verdict. *Leontaritis v. Koursaris*, Case No. BC309027, 2006 WL 4004015 (L.A. Sup. Ct. October 3,
11 2006).  Like Plaintiff Doe, the plaintiff Leontaritis suffered from Post-Traumatic Stress Disorder as a
12 result of her assault.

13 Plaintiff Doe's declaration and cited jury verdicts meet her burden of demonstrating entitlement
14 to non-economic damages.  See *Ramser v. Laielli*, Case No. 15-CV-2018-CAB-DHB, 2017 WL
15 4169721, at *2 (S.D. Cal. Sept. 20, 2017) (rape victim entitled to default judgment award of $1.5 million
16 in non-economic damages by citation to her own declaration and appellate decision upholding $5.35
17 million non-economic damage award).  Given these large jury verdicts under similar facts to Plaintiff,
18 her request that the Court award her $500,000 for her pain and suffering is reasonable and appropriate.

### 2. Plaintiff's Calculation for Her Loss of Past and Future Income is Well Supported and Should Be Awarded.

21 At the time of the assault, Plaintiff was employed in the career-defining opportunity of Vice
22 President, Panel Partnerships for Research Now.  Doe Decl. ¶ 2.  At Research Now, Plaintiff earned a
23 salary of ▇▇▇▇▇▇ and was eligible to receive an additional 20% of her salary as bonus. *Id*. ¶ 8; Exhibit
24 A.  However, after the sexual assault in October of 2016, Plaintiff was unable to perform the frequent
25 travel that was required of that role and was forced to resign from her position at Research Now. *Id*. ¶¶
26 4-9; *see* Doe Deposition pp. 100-103 (discussing circumstances of Doe's resignation from Research
27 Now); Albritton Decl. ¶ 9 .

Plaintiff mitigated her damages by returning to her pre-Research Now employer of ▬▬▬ at her pre-Research Now annual salary of ▬▬. Doe Decl. ¶ 10; Exhibit B. At ▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ were similar to those she received at Research Now. *Id.* At ▬▬▬▬ she received a one-time ▬▬ bonus in 2017. *Id.* Recognizing Plaintiff as an excellent employee, ▬▬▬▬ promoted her ▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬. *Id.* ¶ 11; Exhibit C.

Despite Plaintiff's vigilant mitigation of her damages, the gap between her expected compensation had she been able to continue at Research Now and her actual compensation through February 28, 2019, is over $122,025. *Id.* ¶12; *see* Exhibit A to Laprairie Decl.

The harm from no longer being able to work as a vice president at Research Now will continue into the foreseeable future, as even with her recent promotion her diminished earnings represent significant front pay damages. "Expert testimony is not required to prove what the plaintiff would receive in future earnings and raises." *Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1348 (9th Cir. 1987). Intending not to retire before age 65, Plaintiff expects to have a diminished lifetime earning capacity of at least $688,512.45, after discounting to present value. This value is determined by multiplying the annual gap in her earnings by the appropriate present value factor from Worksheet A of CACI No. 3904b. *See* Laprairie Decl., Exhibit B.

For these categories of damages, combining Plaintiff's back and front pay, her damages for lost income are $810,537.45.

## III. CONCLUSION

As Dinnis has failed to respond to her complaint, Plaintiff is entitled to entry of default against Dinnis and a monetary damages award in the amount of $1,310,537.45.

DATED: March 1, 2019           By: _____*/s/ Lori E. Andrus*_____
                                    Lori E. Andrus

                                    Lori E. Andrus (SBN 205816)
                                    lori@andrusanderson.com

**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile:   (415) 986-1474

*Attorneys for Plaintiff*