# EXHIBIT D



QUEENSLAND
COURTS

SUPREME, DISTRICT and
LAND COURT SERVICES

Contact:       Adrian Hewitt.
Telephone:     +61 (7) 3247 4322
Our Ref:       FS 41/18
Your Ref:      Stuart DINNIS.

13TH June 2018

Lori Andrus.
Jennie Lee Anderson.
Andrus Anderson LLP
155 Montgomery Street.
Suite 900
San Francisco.
CA. 94104.

Dear Sir/Madam

RE: **Service of Foreign Documents – Stuart DINNIS.**

I refer to the above named matter and advise that the documents have been served.

Please find enclosed Certificate of Registrar, Affidavit of Service, Report of Officer and the documents.

The applicant is requested to pay costs of effecting service, being AU$102.10.  This is the service fee only and does not include bank charges or transfer fees which should be ascertained and paid along with the fee.

Payment can be made by electronic deposit to:

**Account Name:       Department of Justice & Attorney General**
**BSB Number:         064013**
**Account Number:     10008443**
**IBAN:               06401310008443**
**SWIFT:              CTBAAU2S**

Once payment has been submitted, please email the Supreme Court at SDCenforcement@justice.qld.gov.au and advise the amount paid, the date it was paid and the name of the person served.

Alternatively, you may wish to forward a cheque payable in Australian dollars to the Department of Justice & Attorney-General, ensuring cheque total includes any bank fees which may be incurred. This may be forwarded to the Registrar, Supreme Court, PO Box 15167, City East, Queensland, 4002. Please ensure the details of the matter are included.

Kind Regards

Adrian Hewitt
Client Services Officer

**OFFICE:**
QEII Law Courts Complex
415 George Street
Brisbane
**POSTAL:**
PO Box 15167
City East QLD
4002
**TELEPHONE:**
(07) 3247 4313
**WEB:**
www.courts.qld.gov.au

## SUPREME COURT OF QUEENSLAND

REGISTRY: BRISBANE

NUMBER:    FS41/18

Applicant:               JANE DOE

AND

Respondent:           STUART DINNIS

### CERTIFICATE OF SERVICE OF FOREIGN PROCESS

I, Linda GARDNER, Registrar of the Supreme Court, certify that the attached documents are as follows -

1. The original letter of request for service of process received from Lori Andrus. Jennie Lee Anderson. Andrus Anderson LLP. San Francisco. California. USA.

2. The process received with the letter of request; and

3. Evidence of service upon Stuart DINNIS, the person named in the letter of request.

And I certify that the service so proved, and the proof of that service, comply with the Uniform Civil Procedure Rules, which regulate the service of legal process in Queensland.

And I certify that the cost of effecting service is AU$102.10.

Registrar:

Dated: 13^(TH) June 2018

---

CERTIFICATE OF SERVICE OF FOREIGN PROCESS
Filed on Behalf of the Applicant
Form 10, Version 1
Uniform Civil Procedure Rules 1999
Rule 130P or 131

Case:   3:18-cv-02420

## AFFIDAVIT OF SERVICE

I, Wayne Norman Reilly, appointed 'Bailiff' to the Supreme & District Courts of Queensland, QEII Courts of Law, 415 George Street, Brisbane 4000, in the State of Queensland, Australia, affirm and declare as follow:

1.  I was engaged by the Department of Justice and Attorney General, in the State of Queensland, Australia, to personally serve a document of Civil Proceedings from the Northern District Court of California, USA, on Stuart Dinnis at his place of employment of 5/10 Market Street, Brisbane in the State of Queensland.

**Service:**

2.  On Friday 4th June 2018 at approximately 3:30pm, I attended the premises located at 5/10 Market Street, Brisbane in the state of Queensland.

3.  I entered the office of Sniip (aust) Ltd. and spoke to the receptionist. I asked if I could speak to Stuart Dinnis. The receptionist stated that Stuart Dinnis is in a meeting. I stated that this will take 30 seconds if he could be excused from the meeting. The receptionist managed to get Stuart Dinnis from the meeting.

4.  A male appeared and I identified myself and explained to him that I am there to serve a court document from USA on Stuart Dennis. The male said, "I am Stuart Dennis."

5.  I asked him, "What is your full name?" To which he replied, "Stuart Dinnis". I asked him to peruse the document and identify if it is he who is named in the document. He replied, "Yes, I am."

6.  Stuart Dinnis accepted service of such document, then I withdrew.

7.  Personal service of the document listed in paragraph one was completed on Friday 4th June 2018.

8.  Exhibit "A" to this affidavit is a true copy of the document served.

9.  All the facts and circumstances in this my affidavit are true and from sources of my own knowledge.

Affirmed   by   Wayne   Norman   Reilly   on   5th   June   2018   at   Brisbane   in   the   presence   of:

Deponent                                                                    Justice of the Peace (qual)

Reg.No. 85517

# BAILIFF REPORT

| FILE: | **3:18-cv-02420** | | LOCATION: | **Brisbane City** | | |
|---|---|---|---|---|---|---|
| NAME OF MATTER: | **Stuart DINNIS** | | | | | |
| APPOINTED BAILIFF: | **Wayne Reilly** | | ( VN: 6102338 ) | | | |
| ABN: | 79159910100 | | TYPE OF WARRANT (Please tick) | Seizure & Sale | Possession of Land | FOREIGN SERVICE ✓ |
| PARTY SERVICE IS AGAINST: | **Stuart DINNIS** | | WAS QPS ASSISTANCE REQUESTED? (YES/NO) | | **NO** | |

## ACTION TAKEN AND BAILIFF FEES AND COSTS CLAIMED

Outline the details of all action taken and fees and costs claimed including any phone calls made and attempts at execution. Kilometres travelled is one way originating from the registry and excludes the first 8kms (Supreme & District Courts) or 12kms (Magistrates Courts). Time taken excludes the 1st hour which is incorporated in the service/execution fee. If any action is taken by a full-time employee during work hours the fee is payable to the court.

| DATE | ACTION PERFORMED (Insert short description of action taken including time action commenced and completed) | TIME TAKEN (Hours & Minutes) | KILOMETRES TRAVELLED | WAS ACTION PERFORMED IN WORK HOURS BY FULL TIME EMPLOYEE? | | FEES/ COSTS CLAIMED (Insert total fee/cost) |
|---|---|---|---|---|---|---|
| | | | | YES | NO | |
| 04:06:18 | Service Fee: Defendant | | | | ✓ | $ **102.10** |
| | Service Time: | 1:00 - 1 = **0:00** | | | ✓ | |
| | Kilometers Travelled: | | 8 – 8 = **0** @ $ 3.60 | | ✓ | $ **00.00** |
| # | Total Time: 0 hrs 00 min **ROUNDED: 0 hrs** | **0** @ 32.05 | | | ✓ | $ **00.00** |
| (Attach a separate sheet if additional room required) | | | | **TOTAL CLAIM:** | | $ **102.10** |

## PAYMENTS TO THIRD PARTY

Outline the details of all costs incurred by a third person (E.g. Tow Truck Operator) to be paid from monies held by the registrar. A copy of the relevant invoice **must** be attached to this report.

| DATE | NAME | SERVICE PROVIDED (E.g. Towing fees, Advertising costs etc.) | INVOICE NUMBER | AMOUNT (Excluding GST) | GST AMOUNT | TOTAL AMOUNT PAID |
|---|---|---|---|---|---|---|
| | | | | $ | $ | $ |
| (Attach a separate sheet if additional room required) | | | TOTALS: | $ | $ | $ |

## ACCOUNT OF MONIES RECEIVED BY BAILIFF

Outline the details of all monies received from the enforcement debtor in full or part satisfaction of warrant or from the purchaser following the sale of the enforcement debtor's property. A copy of each receipt issued must be attached to this report.

| DATE | RECEIVED FROM: | AMOUNT | RECEIPT NUMBER |
|---|---|---|---|
| | | $ | |
| | TOTAL AMOUNT RECEIVED: | $ | |

**ADDITIONAL DETAILS OF ENFORCEMENT**

Insert any additional details not outlined on page 1 including details of any special action required to be taken.

Travel from QEll Courthouse to:     5/10 Market Street, Brisbane 4000     +     return to QEll Courthouse

On Friday 4th June 2018 at approximately 3:30pm, I attended the premises located at 5/10 Market Street, Brisbane in the state of Queensland.

I entered the office of Sniip (aust) Ltd. and spoke to the receptionist.  I asked if I could speak to Stuart Dinnis. The receptionist stated that Stuart Dinnis is in a meeting.  I stated that this will take 30 seconds if he could be excused from the meeting. The receptionist managed to get Stuart Dinnis from the meeting.

A male appeared and I identified myself and explained to him that I am there to serve a court document from USA on Stuart Dennis.  The male said, "I am Stuart Dennis."

I asked him, "What is your full name?"  To which he replied, "Stuart Dinnis".  I asked him to peruse the document and identify if it is he who is named in the document.  He replied, "Yes, I am."

Stuart Dinnis accepted service of such document, then I withdrew.

(Attach a separate sheet if additional room required)

**SIGNATURE OF BAILIFF**

| *[signature]* | Date | 4 June 2018 |
|---|---|---|

| OFFICE USE ONLY | |
|---|---|
| FEES and COSTS | |
| I authorise the payment of the following amount to the Bailiff as fees and costs reasonably incurred in the execution of the enforcement warrant. | $102.10. |
| I authorise the payment of the following amount to the court as fees and costs reasonably incurred in the execution of the enforcement warrant. | $ |
| I authorise the payment of the following amount to the third parties in accordance with the invoices attached to this report. | $ |
| POUNDAGE | |
| I authorise the payment of the following amount to the Bailiff as Poundage. (Magistrates Courts Warrants Only) | $ |
| I authorise the payment of the following amount to consolidated revenue as Poundage. | $ |

**SIGNATURE OF REGISTRAR**

| *[signature]* | Date: | 13/06/2018 |
|---|---|---|

| MAIN FEES PAYABLE TO BAILIFF<br>(For all other fees payable see Schedules 1 and 2 of the *Uniform Civil Procedure (Fees) Regulation 2009*) | Supreme and District Court | Magistrates Courts |
|---|---|---|
| ENFORCEMENT FEE (includes attempted enforcement, travelling up to 8kms (SDC) or 12kms (MC) from the registry and 1st hour occupied) | **$102.10** | N/A |
| ADDITIONAL TRAVELLING FEE (for each kilometre after the first 8kms (SDC) or 12kms (MC) travelled from the registry to the place of service/enforcement one way.) | **$3.60** | N/A |
| ADDITIONAL TIME OCCUPIED on serving a document or enforcing a warrant - per hour or part thereof after the first hour | **$32.05** | N/A |
| (1) Where 2 or more processes against the same person are enforced at the same time OR<br>(2) Where 2 or more persons are served with the same process, or the same proceedings are enforced against them at the same time and at the same address<br>FOR EACH ADDITIONAL WARRANT ENFORCED OR PROCESS OR DOCUMENT SERVED:<br>(Note: only one lot of "additional travelling fees" can be claimed for all warrants executed or processes/documents served ) | **$18.35** | N/A |

UPDATED  1 JULY  2017

Received

SEP 2 8 2018

These are the documents marked Exhibit 'A' to the

affidavit of   WAYNE   REILLY

sworn   5th  June                    20_18_

**Deponent**

**Justice of the Peace**
~~Commissioner of Declarations~~

Received

SEP 2 8 2018

SUPREME COURT OF QUEENSLAND

REGISTRY:

NUMBER:

Plaintiff: *JANE DOE*

AND

First Defendant: *VIRGIN AMERICA, INC.*

AND

Second Defendant: *ALASKA AIR GROUP, INC.*

AND

Third Defendant: *STUART DINNIS*

## REQUEST FOR SERVICE ABROAD OF JUDICIAL DOCUMENTS AND CERTIFICATE

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at The Hague, the 15th of November 1965

| | |
|---|---|
| Lori Andrus<br>Jennie Lee Anderson<br>Andrus Anderson LLP<br>155 Montgomery Street<br>Suite 900<br>San Francisco, CA 94104<br>(415) 986-1400<br>lori@andrusanderson.com | Supreme Court of Queensland<br>P.O. Box 15167<br>City East QLD 4002<br>Australia<br>+61 7 3247 4301<br>courtinfo@justice.qld.gov.au |

The undersigned forwarding authority (on the application of *JANE DOE, c/o Andrus Anderson LLP, 155 Montgomery Street, Suite 900, San Francisco, CA 94104*) has the honour to transmit – in duplicate – the documents listed below and, in conformity with Article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.:

*Stuart Dinnis*
*(located at Sniip (Australia) Limited)*
*5/10 Market Street*
*Brisbane, QLD Australia 4000*

| | |
|---|---|
| REQUEST FOR SERVICE ABROAD OF JUDICIAL DOCUMENTS AND CERTIFICATE | Name: Lori Andrus<br>Address: 155 Montgomery St, Ste. 900<br>San Francisco, CA 94104 |
| Filed on Behalf of the Plaintiff, JANE DOE<br>Form 10A, Version 1<br>Uniform Civil Procedure Rules 1999<br>Rules 130D and 130F | Phone No: (415) 986-1400<br>Fax No: (415) 986-1474 |

in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the Convention.

The receiving authority, *Supreme Court of Queensland*, is requested to return or to have returned to the forwarding authority a copy of the documents with a certificate as provided on the next page.

*List of documents:*

1. Civil Case Cover Sheet, filed April 23, 2018;
2. Complaint, filed April 23, 2018;
3. Plaintiff's Certificate of Interested Parties, filed April 23, 2018;
4. Notice of Case Assignment to Magistrate Judge Donna M. Ryu, filed April 23, 2018;
5. Summons, filed and issued April 24, 2018;
6. Order regarding Initial Case Management Conference and ADR Deadlines, filed April 24, 2018;
7. Judge Ryu's Standing Orders, dated June 23, 2017; and
8. ECF Registration Information Handout.

Done San Francisco, California, United States of America, April 30, 2018

Signature and/or stamp (or both) of forwarding authority.

---

| REQUEST FOR SERVICE ABROAD OF JUDICIAL DOCUMENTS AND CERTIFICATE | Name: Lori Andrus |
| --- | --- |
| | Address: 155 Montgomery St, Ste. 900 |
| | San Francisco, CA 94104 |
| Filed on Behalf of the Plaintiff, JANE DOE | |
| Form 10A, Version 1 | Phone No: (415) 986-1400 |
| Uniform Civil Procedure Rules 1999 | Fax No: (415) 986-1474 |
| Rules 130D and 130F | |

## CERTIFICATE

The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention:

(1)     that the documents listed in Part 1 have been served*

        – the (date):

        – at (place, street, number):

        – in one of the following methods authorised by Article 5:

        *a)*   in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the Convention.*

        The document referred to in the request, has been delivered to:

        – (identity and description of person):


        – relationship to the addressee (family, business or other):


(2)     that the document has not been served, by reason of the following facts: *


In conformity with the second paragraph of Article 12 of the Convention, the forwarding authority is requested to pay or reimburse the expenses detailed in the attached statement. *

Documents returned:




In appropriate cases, documents, establishing the service:


                                        Done at.......... , the..........
                                        Signature or stamp (or both)

*Delete if inappropriate

---

| | |
|---|---|
| REQUEST FOR SERVICE ABROAD OF JUDICIAL DOCUMENTS AND CERTIFICATE | Name: Lori Andrus |
| | Address: 155 Montgomery St, Ste. 900 San Francisco, CA 94104 |
| Filed on Behalf of the Plaintiff, JANE DOE Form 10A, Version 1 Uniform Civil Procedure Rules 1999 Rules 130D and 130F | Phone No: (415) 986-1400 Fax No: (415) 986-1474 |

SUPREME COURT OF QUEENSLAND

REGISTRY:

NUMBER:

Plaintiff: *JANE DOE*

AND

First Defendant: *VIRGIN AMERICA, INC.*

AND

Second Defendant: *ALASKA AIR GROUP, INC.*

AND

Third Defendant: *STUART DINNIS*

## SUMMARY OF DOCUMENTS TO BE SERVED

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at The Hague, the 15th of November 1965

(Article 5, fourth paragraph)

**Identity and address of the addressee**:

**Third Defendant**
**Sniip (Australia) Limited**
**5/10 Market Street**
**Brisbane, QLD Australia 4000**

---

SUMMARY OF DOCUMENT TO BE SERVED
Filed on Behalf of Plaintiff, JANE DOE

Form 10B, Version 1
Uniform Civil Procedure Rules 1999
Rule 130D

Name: Lori Andrus
Address: 155 Montgomery St, Ste. 900
San Francisco, CA 94104

Phone No: (415) 986-1400
Fax No: (415) 986-1474

**IMPORTANT**
THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE SUMMARY OF THE DOCUMENT TO BE SERVED WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO: The United States District Court, Northern District of California; Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612; (510) 637-3530

SUMMARY OF THE DOCUMENT TO BE SERVED
1. Civil Case Cover Sheet, filed April 23, 2018;
2. Complaint, filed April 23, 2018;
3. Plaintiff's Certificate of Interested Parties, filed April 23, 2018;
4. Notice of Case Assignment to Magistrate Judge Donna M. Ryu, filed April 23, 2018;
5. Summons, filed and issued April 24, 2018;
6. Order regarding Initial Case Management Conference and ADR Deadlines, filed April 24, 2018;
7. Judge Ryu's Standing Orders, dated June 23, 2017; and
8. ECF Registration Information Handout.

Name and address of the forwarding authority:
Lori Andrus
Jennie Lee Anderson
Andrus Anderson LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104

Particulars of the parties:
Plaintiff: JANE DOE
Defendants: VIRGIN AMERICA, INC. (First Defendant), ALASKA AIR GROUP, INC. (Second Defendant), and STUART DINNIS (Third Defendant).

| | |
|---|---|
| SUMMARY OF DOCUMENT TO BE SERVED | Name: Lori Andrus |
| Filed on Behalf of Plaintiff, JANE DOE | Address: 155 Montgomery St, Ste. 900 |
| | San Francisco, CA 94104 |
| Form 10B, Version 1 | |
| Uniform Civil Procedure Rules 1999 | Phone No: (415) 986-1400 |
| Rule 130D | Fax No: (415) 986-1474 |

**\*\*JUDICIAL DOCUMENT**

Nature and purpose of the document:
Initiating lawsuit

Nature and purpose of the proceedings and, when appropriate, the amount in dispute:
Personal Injury - Assault

Date and Place for entering appearance:
Answer due within twenty-one (21) days after service of this summons (not counting the day
you received it); The United States District Court, Northern District of California; Ronald V.
Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA
94612; (510) 637-3530

Court in which proceedings pending/judgment given:
The United States District Court, Northern District of California; Ronald V. Dellums Federal
Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612; (510) 637-3530

Time limits stated in the document:
Answer due within twenty-one (21) days after service of this summons (not counting the day
you received it).

---

| | |
|---|---|
| SUMMARY OF DOCUMENT TO BE SERVED | Name: Lori Andrus |
| Filed on Behalf of Plaintiff, JANE DOE | Address: 155 Montgomery St, Ste. 900 |
| | San Francisco, CA 94104 |
| Form 10B, Version 1 | |
| Uniform Civil Procedure Rules 1999 | Phone No: (415) 986-1400 |
| Rule 130D | Fax No: (415) 986-1474 |

SUPREME COURT OF QUEENSLAND

REGISTRY:

NUMBER:

Plaintiff:                                    *JANE DOE*

AND

First Defendant:                    *VIRGIN AMERICA, INC.*

AND

Second Defendant:               *ALASKA AIR GROUP, INC.*

AND

Third Defendant:                    *STUART DINNIS*

## WRITTEN UNDERTAKING AS TO SERVICE ABROAD

Pursuant to Rule 130D(3) of the Uniform Civil Procedure Rules 1999, I, Lori E. Andrus, lawyer on the record for the applicant in the proceeding, hereby undertake:

    (a) to be personally liable for all costs incurred by the employment of a person to serve the documents to be served, being a person who is qualified to do so under the law of Australia;

    (b) to pay the amount of those costs to the registrar within 28 days after receipt from the registrar of a notice specifying the amount of those costs under Rule 130F(3); and

    (c) to give such security for those costs as the registrar may require.

DATED: April 30, 2018                By: _____
                                                              Lori E. Andrus

Lori E. Andrus (SBN 205816)
lori@andrusanderson.com
Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
**ANDRUS ANDERSON LLP**

---

| WRITTEN UNDERTAKING AS TO SERVICE ABROAD | Name: Lori Andrus |
|---|---|
| | Address: 155 Montgomery St, Ste. 900 San Francisco, CA 94104 |

Filed on Behalf of the Plaintiff, JANE DOE

Phone No: (415) 986-1400
Fax No: (415) 986-1474

JS-CAND 44 (Rev. 06/17)   Case 3:18-cv-02420  **CIVIL COVER SHEET**  Filed 04/23/18   Page 1 of 1

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
JANE DOE

**DEFENDANTS**
VIRGIN AMERICA, INC., ALASKA AIR GROUP, INC., AND STUART DINNIS

**(b)** County of Residence of First Listed Plaintiff   TARRANT COUNTY, TEXAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   SAN MATEO COUNTY, CALIFORNIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrus Anderson LLP
155 Montgomery Street, Suite 900, San Francisco. CA 94104; (415) 986-1400

Attorneys *(If Known)*

**II.   BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

1   U.S. Government Plaintiff

2   U.S. Government Defendant   X 4

3   Federal Question
*(U.S. Government Not a Party)*

4   Diversity
*(Indicate Citizenship of Parties in Item III)*

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business in This State | 4 | X 4 |
| Citizen of Another State | X 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | X 5 |
| Citizen or Subject of a Foreign Country | 3 | X 3 | Foreign Nation | 6 | 6 |

**IV.   NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | X 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| | 350 Motor Vehicle | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 490 Cable/Sat TV |
| 190 Other Contract | 362 Personal Injury -Medical Malpractice | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities Exchange |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | 440 Other Civil Rights | **HABEAS CORPUS** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | **OTHER** | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 448 Education | 540 Mandamus & Other | | | |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

**V.   ORIGIN** *(Place an "X" in One Box Only)*

X 1  Original Proceeding
2  Removed from State Court
3  Remanded from Appellate Court
4  Reinstated or Reopened
5  Transferred from Another District *(specify)*
6  Multidistrict Litigation–Transfer
8  Multidistrict Litigation–Direct File

**VI.   CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §§ 1332(a)(1) and (a)(3); 28 U.S.C. § 1367(a); and 28 U.S.C  § 1391(b)(2); Civ. L.R. 3-2(c)
Brief description of cause:
Plaintiff was sexually assaulted by Defendant Dinnis, made possible by negligence of Airline Defendants.

**VII.  REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   No

**VIII. RELATED CASE(S), IF ANY** *(See instructions)*:

JUDGE

DOCKET NUMBER

**IX.   DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)**
(Place an "X" in One Box Only)      X SAN FRANCISCO/OAKLAND      SAN JOSE      EUREKA-MCKINLEYVILLE

DATE   4/23/18      SIGNATURE OF ATTORNEY OF RECORD

LORI E. ANDRUS (SBN 205816)
lori@andrusanderson.com
JENNIE LEE ANDERSON (SBN 203586)
jennie@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:   (415) 986-1400
Facsimile:   (415) 986-1474

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, | CASE NO. |
| Plaintiff, | COMPLAINT |
| vs. | DEMAND FOR JURY TRIAL |
| VIRGIN AMERICA, INC, ALASKA AIR GROUP, INC., and STUART DINNIS, | |
| Defendants. | |

## I.   **INTRODUCTION**

1.     Plaintiff Jane Doe ("Plaintiff") brings this action following a sexual assault by Defendant Stuart Dinnis ("Dinnis"), a Virgin America, Inc. ("Virgin") executive. Plaintiff alleges, upon information and belief, as follows:

## II.   **PARTIES**

2.     Defendant Virgin America, Inc. is a corporation incorporated in the state of Delaware with its principal place of business in Burlingame, California.

3.     Defendant Alaska Air Group, Inc. ("Alaska") is a corporation incorporated in the state of Alaska, with its principal place of business in Seattle, Washington. Alaska is the parent company of Virgin.

4.     Virgin and Alaska are jointly and severally liable for each other's negligence, misconduct and wrongdoing as alleged herein, in that they operate as a single business enterprise.

5.     Virgin and Alaska were each agents and/or employees of the other and in acting and/or failing to act as alleged herein were operating in the course and scope of said agency and/or employment relationship.

6.     Collectively, Virgin and Alaska are referred to herein as "the Airline Defendants."

7.     Defendant Stuart Dinnis is an adult man currently residing in Brisbane, Australia.  At the time of the assault, Mr. Dinnis was employed by Virgin, and was a resident of California.

8.     Plaintiff Jane Doe is an adult woman residing in Texas.  Plaintiff is using a pseudonym in this litigation to protect her privacy and will seek permission to proceed under this pseudonym.

### III.    JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

9.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and (a)(3).  The controversy exceeds the value of $75,000 and is between citizens of different states and a citizen of a foreign country.

10.    This Court has supplemental jurisdiction over the state law claims contained herein pursuant to 28 U.S.C. § 1367(a).

11.    Virgin maintains its corporate headquarters in this district (Burlingame) and regularly conducts business in this district.  Virgin has thus purposefully availed itself of the benefits, profits and privileges deriving from its business activities in this district.

12.    A substantial part of the events giving rise to Plaintiff's claims occurred in this district/division. 28 U.S.C. § 1391(b)(2), Civ. L.R. 3-2(c).

### IV.    FACTUAL ALLEGATIONS

13.    In the fall of 2016, Plaintiff was a Vice President for Research Now, a global expert in online market research data.  In that role, Plaintiff was responsible for business development and management of panel partnerships.  Her job responsibilities included building and maintaining key strategic relationships with loyalty professionals, including airline executives.

14.    Plaintiff and her boss travelled to the Mega Loyalty Conference in Toronto, Canada.  The conference attracted professionals in the travel and loyalty sector from around the world, including

2

COMPLAINT

1    Stuart Dinnis, then Director of Loyalty at Virgin.

2    15.    On October 24, 2016, Plaintiff and her boss worked out of the Research Now offices in Toronto.

3    In a meeting that afternoon, they discussed their objectives for the conference.    They discussed all

4    attendees who currently partnered with Research Now, including Virgin and Dinnis.    Plaintiff

5    understood the importance of that business relationship.    To Research Now, Virgin was a valuable

6    account, and Dinnis a key player with whom Plaintiff should meet.    They also discussed

7    attendees/companies who would be key to network with in terms of new business development and

8    partnership growth.

9    16.    That evening, Plaintiff and her boss attended the Points.com Partner Appreciation Party along

10    with several other colleagues and partners.    Their stated objectives for the event were to spend time

11    with existing partners and to network with prospective partners.    This was an evening for business

12    development.

13    17.    Late in the evening, a colleague introduced Plaintiff to two Virgin employees who directly

14    reported to Dinnis.    After a brief conversation, their boss, Defendant Dinnis walked up to the group.

15    Plaintiff introduced herself, but the music was loud and made conversation difficult.    Their initial

16    interaction was very short.

17    18.    People began dancing, including Plaintiff and a female colleague.    Dinnis approached Plaintiff

18    and gave her a "twirl."    Though he was at the event in a professional capacity, and in the course and

19    scope of his employment with Virgin, he was noticeably drunk.    Plaintiff left the dance area.    A short

20    while later, Dinnis approached Plaintiff again.    He stumbled and spilled red wine on Plaintiff's face and

21    in her hair.    Dinnis did not seem to notice he had done this; others helped clean up the spill.    Plaintiff

22    went to the restroom.    When she returned to her colleagues, they decided to take a cab back to the hotel.

23    19.    When Plaintiff and her colleagues arrived back at the hotel, around 1:00 a.m., Dinnis had already

24    returned, and was waiting for her in the lobby.    Dinnis knew that, given Plaintiff's position with

25    Research Now, and her need to preserve their professional relationship, she would be reluctant to react

26    in a way that could harm her company's relationship with a major client like Virgin.    Intent on exploiting

27    Plaintiff's professional vulnerability, Dinnis approached the group as they were saying their goodbyes.

28    20.    Plaintiff's colleagues went to one elevator bank, but her floor was serviced by a different elevator

1   bank, so she was on her own. Dinnis followed her into the elevator.

2   21.   The elevator required a key card to operate. The key card sensor was not operating properly and

3   Plaintiff pressed her key card to the sensor multiple times, trying to get it to work. The two commented

4   on the fact that the elevator was difficult to use, and briefly engaged in other small talk.

5   22.   Suddenly, without warning or invitation, Dinnis kissed Plaintiff. Plaintiff grabbed his right arm.

6   Dinnis was gripping her face tightly. She tried pulling his arm away from her. He was aggressively

7   kissing her and would not stop.

8   23.   When the elevator came to his floor, Dinnis said "Come on, come with me." Plaintiff repeatedly

9   declined. Dinnis tried to physically pull Plaintiff off of the elevator by the back of her neck. At that

10   point, Plaintiff knew things were escalating to a dangerous situation.

11   24.   His hands swept over the back of Plaintiff's head; he pulled her by the hair. She resisted, pulling

12   her head away from his. She leaned back to stay on her feet, and inside the elevator. Dinnis pulled her

13   by the hand. She leaned against the right side of the elevator with her foot wedged to try and keep

14   herself inside.

15   25.   When Dinnis realized Plaintiff was not going to his room willingly, he stepped back into the

16   elevator and started kissing her again as the elevator started descending. This time he was even more

17   aggressive, grabbing her rear end and pulling her roughly against his groin. Dinnis is much taller and

18   much stronger than Plaintiff. There was no maneuvering out of his grasp. He was aggressive and

19   relentless.

20   26.   Plaintiff pressed her fist into his chest and kept saying "No." When the elevator came to a stop,

21   she again tried to get her room key to scan so she could get to her floor and the safety of her room.

22   27.   By this point, the elevator had returned to the ground floor. When the doors opened, Dinnis

23   quickly pressed the "Close Door" button, but Plaintiff saw two colleagues she knew outside the elevator.

24   She quickly called out to them, and one of them reached his hand into the elevator to keep the doors

25   from closing. Her colleague, a prior business associate in the loyalty sector, entered the elevator.

26   Relieved, Plaintiff stepped to the back of the elevator and made small talk with her colleague.

27   Unfortunately, his room was on a lower floor than hers. When her colleague left the elevator, Plaintiff

28   froze.

28.     Dinnis resumed his attack.  His hands were holding Plaintiff's neck as he forcibly kissed her; she was unable to escape him.  She turned her head from side to side, trying to make it stop.  As many times as she said, "No," he said "Yes."  She pressed her lips tight, only for him to kiss around her mouth and face.  Dinnis asked several times for her to go to his room.  Plaintiff repeatedly said "No, goodnight."

29.     When the elevator came to her floor, Plaintiff quickly exited, hoping that would be the end of the encounter.  Her room was just a few steps from the elevator doors.  She had her key out.  She hoped she would soon be safely in her room, but Dinnis had followed her.  As she swiped her key card in the door, Dinnis grabbed her by the back of the neck.  He thrust her head forward into the door and began pushing her into the hotel room.

30.     Terror filled Plaintiff's head as he said, "You want it."  She knew she had to fight now.  She had to keep Dinnis out of her hotel room.

31.     Plaintiff bent her knees and crouched down low to the ground.  She pushed back as hard as she could to get back into the hallway.  She silently kept telling herself "get leverage, get low" – a technique taught to her son and practiced in football when facing a much larger opponent.

32.     Dinnis tried to pull her to her feet.  She fought off his hands and yelled out "No!" and "Stop!" several times.  She kept herself crouched against the wall in the hallway.

33.     When Dinnis realized that she wasn't getting up, he finally walked away, leaving Plaintiff shaking and terrified.

34.     Plaintiff waited to make sure he was gone and checked the area around the elevator before opening her hotel room door again.

35.     Plaintiff's mouth was raw and her left ear was burning.  She noticed that an earring was missing.

36.     At 1:59 a.m. Dinnis sent Plaintiff a message via LinkedIn stating: "Are you sure?  I have a suite if you're keen. xx."

37.     In the morning, Dinnis sent a separate message via the conference app, telling Plaintiff that he "would like to connect further xx."

38.     When Plaintiff next ran into Dinnis at the conference, he asked if she had received his messages.  He said, "read them and let me know what you think."  At this point, Plaintiff realized that he was not

going to stop pursuing her. So, at 10:40 a.m., she responded to his messages with: "Given our key partnership with your organization, it's best we keep things strictly professional."

39.    At 11:27 a.m., Dinnis messaged again, apologizing for his behavior, commenting on her attractiveness ("you're a gorgeous woman"). He also sent a photo of Plaintiff's earring, asking if it was hers, and explaining that he had found it looped on his jacket button. Though it was, indeed, a picture of her earring, Plaintiff said "no," to avoid seeing him again.

40.    Since the assault, Plaintiff has experienced high anxiety while travelling, particularly in elevators. As a result of the assault, she left her employment with Research Now, which required her to travel alone on a regular basis both domestically and internationally.

41.    Dinnis selected Plaintiff as his victim knowing it was important for her professional standing that she not upset business partners and hoping that would make her an easy target. That was his known *modus operandi.*

42.    Virgin was well aware that Dinnis was known for carrying out lewd and drunken behavior in front of business associates and other Virgin employees, and sexually assaulting business associates, but did nothing to stop his unlawful behavior.

43.    For example, in November 2015, Dinnis attended an event hosted by Rocketmiles, a hotel booking company. He became intoxicated in front of employees of Rocketmiles and Virgin. He grabbed the buttocks of a female Rocketmiles employee, then followed her into an Uber and attempted to grope her again. The woman demanded Dinnis exit the vehicle and told the driver not to leave until he had or she would call the police. Dinnis stumbled out of the car.

44.    Then, in mid-2016, Dinnis and a group of Virgin employees attended meetings at the Rocketmiles office in Chicago. That evening, Dinnis once again drank to excess and became sexually aggressive with two female employees of Rocketmiles, and made a lewd comment to a woman attending the event with a friend. He grabbed two women's buttocks. The CEO and CFO of Rocketmiles saw the offending conduct and demanded that Dinnis leave the premises. The following day, other Virgin employees apologized for Dinnis' conduct and mentioned that Dinnis had issues with drinking and respecting boundaries with women.

45.    Despite actual knowledge of Dinnis' history of witnessed sexual assaults, Virgin did nothing to prevent the foreseeable attack on Plaintiff.  Dinnis regularly carried out his predatory acts during networking business events and within the course and scope of his employment duties.  Virgin could have, and should have done more to supervise, train and discipline Dinnis, and to protect Plaintiff.

46.    At the time Dinnis assaulted Plaintiff, Virgin knew or should have known that he was unfit to work with women in the travel industry, and that he posed a particular risk of sexually harassing and assaulting them.  Virgin's negligence in failing to discipline Dinnis was a substantial factor in causing harm to Plaintiff.

47.    At all times relevant, Dinnis acted as an agent of Virgin.  Dinnis attended the functions where these events occurred in furtherance of, and for the benefit of, Virgin's business.  Virgin paid his travel and accommodation expenses for the Mega Loyalty Event.  He was expected to attend networking events and hold business meeting with key partners of the loyalty program, including during the Mega Loyalty Conference.  His conduct at the networking events was broadly incidental to the enterprise undertaken by Virgin.

48.    The incidents alleged herein were an outgrowth of Dinnis' employment with Virgin and the risk of tortious injury presented by Dinnis' behavior at these events was inherent in the working environment.  Dinnis' motivation was an outgrowth of his workplace responsibilities, conditions or events.  Consumption of alcohol at these types of events was a customary incident to Dinnis' employment with Virgin and was tolerated and ratified, if not encouraged, by Virgin.  At a minimum, Virgin was aware of the consumption of alcohol during these types of events, and Dinnis' drinking to excess was foreseeably within the course and scope of his employment.

49.    Dinnis' conduct was willful, and was undertaken in conscious and/or reckless disregard of the safety of others, including Plaintiff.  This constitutes malice as defined by Civil Code section 3294.  Dinnis had actual or constructive knowledge that his actions would result in injury and/or serious emotional harm, and the harm inflicted upon Plaintiff was a probable result of the peril presented by his actions.  Plaintiff is entitled to an award of punitive/exemplary damages against Dinnis.

50.    The conduct alleged against the Airline Defendants was willful and was undertaken in conscious and/or reckless disregard of the safety of others, include Plaintiff.  This constitutes malice as defined

1  by Civil Code section 3294.  The Airline Defendants had actual or constructive knowledge that Dinnis'

2  predation was a potential peril to women in the travel industry, and that injury and/or serious emotional

3  harm, was a probable result of the peril presented by their actions in failing to supervise and/or discipline

4  Dinnis.  The Airline Defendants consciously failed to act to avoid the peril.  Plaintiff is entitled to an

5  award of punitive/exemplary damages against the Airline Defendants.

6

**FIRST CAUSE OF ACTION**
7  **Negligent Supervision and Retention**
**(Against the Airline Defendants)**
8

9  51.    Plaintiff hereby incorporates and realleges each and every preceding paragraph of this Complaint

10  as if the same were set forth at length herein.

11  52.    Virgin hired Dinnis, and at the time of the events alleged herein, employed him as a Director.

12  53.    The Airline Defendants owed Plaintiff and the general public a duty of reasonable care in the

13  hiring, training and supervision of its employees.

14  54.    At all times relevant, Dinnis was acting within the course and scope of his employment.

15  55.    Dinnis was unfit or incompetent to work directly with women and posed a particular risk of

16  sexually harassing and assaulting them.

17  56.    The Airline Defendants knew or should have known not only that Dinnis was unfit or incompetent

18  to work directly with women and posed a particular risk of sexually harassing and assaulting them, but

19  also that this unfitness created a particular risk to Plaintiff.

20  57.    Dinnis' known unfitness and incompetence, and his particular risk of sexually assaulting women,

21  visited harm upon Plaintiff.

22  58.    As a direct and proximate result of the conduct alleged herein, Plaintiff sustained pain and

23  suffering, serious psychological and emotional distress, mental anguish, embarrassment, humiliation,

24  and loss of income.

25  59.    The Airline Defendants' negligence in supervising and/or retaining Dinnis was a substantial

26  factor in causing harm to Plaintiff.

27  60.    The Airline Defendants employed Dinnis with a conscious disregard of the rights of safety of

28  others, so as to warrant the imposition of punitive damages pursuant to California Civil Code § 3294.

61.   Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against all Defendants)

62.   Plaintiff hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

63.   Dinnis' extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

64.   Dinnis' outrageous conduct was not the type of ordinary rude or obnoxious behavior that any person should be expected to tolerate.  Rather, Dinnis' conduct exceeded all possible bounds of decency.

65.   Dinnis acted with intent or recklessness, knowing that Plaintiff was likely to suffer emotional distress, and with deliberate disregard of same.

66.   Dinnis' conduct caused severe emotional distress and suffering for Plaintiff at levels that no reasonable person should have to endure.

67.   As a direct and proximate result of Dinnis' conduct, Plaintiff sustained pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment, humiliation, and loss of income. Dinnis' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

68.   The Airline Defendants are liable for the actions of its employees under the doctrine of *respondeat superior*.  Dinnis' conduct was committed within the scope of his employment.  A causal nexus existed between (i) Dinnis' interaction with women working in the travel industry and (ii) his abuse of power to sexually harass them, including Plaintiff.

69.   Dinnis' conduct is not so unusual that it would seem unfair to include the loss resulting from it among other costs of the Airline Defendants' business.  As such, holding the Airline Defendants liable furthers the policy goals of *respondeat superior*, including the prevention of future assaults by employees of the Airline Defendants.

70.   Plaintiff requests relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Negligent Infliction of Emotional Distress**
**(Against all Defendants)**

71.     Plaintiff hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

72.     Dinnis' conduct negligently caused serious emotional distress to Plaintiff.

73.     Dinnis could reasonably foresee that his action would have caused emotional distress to Plaintiff.

74.     Plaintiff was in a specific zone of danger in the elevator and the hotel hallway, and at risk of physical harm, causing her fear.

75.     Plaintiff immediately suffered distress and emotional harm brought on by Dinnis' actions, which were a substantial factor in causing said distress.

76.     As a direct and proximate result of Dinnis' conduct, Plaintiff sustained pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment, humiliation, and loss of income. Dinnis' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

77.     The Airline Defendants are liable for the actions of its employees under the doctrine of *respondeat superior*. Dinnis' conduct was committed within the course and scope of his employment. A causal nexus existed between (i) Dinnis' interaction with women working in the travel industry and (ii) his abuse of power to sexually harass them, including Plaintiff.

78.     Dinnis' conduct is not so unusual that it would seem unfair to include the loss resulting from it among other costs of the Airline Defendants' business. As such, holding the Airline Defendants liable furthers the policy goals of *respondeat superior*, including the prevention of future assaults by employees of the Airline Defendants.

79.     Plaintiff requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Assault**
**(Against all Defendants)**

80.     Plaintiff hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

81. Dinnis intended to cause apprehension of harmful or offensive conduct against Plaintiff.

82. Dinnis' actions did, in fact, cause Plaintiff to fear imminent harmful or offensive contact.

83. Plaintiff did not consent to Dinnis' conduct.

84. Plaintiff's reaction was the same of that of a reasonable person.

85. Plaintiff was harmed by the apprehension created by Dinnis' conduct, and Dinnis' conduct was a substantial factor in causing that harm.

86. The Airline Defendants are liable for the actions of its employees under the doctrine of *respondeat superior*. Dinnis' conduct was committed within the course and scope of his employment. A causal nexus existed between (i) Dinnis' interaction with women working in the travel industry and (ii) his abuse of power to sexually harass them, including Plaintiff. Each act of battery carried out by Dinnis was foreseeable given Dinnis' known history of assaulting women in work settings.

87. Dinnis' conduct is not so unusual that it would seem unfair to include the loss resulting from it among other costs of the Airline Defendants' business. As such, holding the Airline Defendants liable furthers the policy goals of *respondeat superior*, including the prevention of future assaults by employees of the Airline Defendants.

88. Plaintiff requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### Battery
### (Against all Defendants)

89. Plaintiff hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

90. Dinnis intended to commit an act of unwanted contact and/or caused imminent apprehension of such an act against Ms. Marwood.

91. Dinnis committed unwanted contact with Plaintiff's person in a harmful or offensive manner, including but not limited to causing sexual contact between himself and Plaintiff.

92. Plaintiff did not consent to the contact.

93. Dinnis' battery of Plaintiff caused harm, including physical, mental, and/or emotional harm.

94. A reasonable person would have been offended by the contact.

95.   The Airline Defendants are liable for the actions of its employees under the doctrine of *respondeat superior*.  Dinnis' conduct was committed within the course and scope of his employment with the Airline Defendants.  A causal nexus between (i) Dinnis' interaction with women working in the travel industry and (ii) his abuse of power to sexually harass them, including Plaintiff.  Each act of battery carried out by Dinnis was foreseeable given Dinnis' known history of assaulting women in work settings.

96.   Dinnis' conduct is not so unusual that it would seem unfair to include the loss resulting from it among other costs of the Airline Defendants' business.  As such, holding the Airline Defendants liable furthers the policy goals of *respondeat superior*, including the prevention of future assaults by employees of the Airline Defendants.

97.   Plaintiff requests relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
### Violation of California Government Code § 12940(k)
### (Against the Airline Defendants)

98.   Plaintiff hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

99.   California Government Code § 12940(k) provides a right of action when an employer "fail[s] to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

100.   The Airline Defendants, which knew or should have known about Dinnis' propensity to sexually harass and assault women working in the travel industry failed to discipline, train and/or fire Dinnis before he sexually assaulted Plaintiff.

101.   Plaintiff was harmed as a result of that failure.

102.   Plaintiff requests relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
### Violation of California Civil Code § 51.7(a)
### (Against all Defendants)

103.   Plaintiff hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

104.   California Civil Code § 51.7(a) states: "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51."

105.   California Civil Code § 51(b) provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

106.   California Civil Code § 51(e) provides: "For purposes of this section: (1)"Disability" means any mental or physical disability as defined in Sections 12926 and 12926.1 of the Government Code. (2)"Medical condition" has the same meaning as defined in subdivision (h) of Section 12926 of the Government Code.  (3)"Religion" includes all aspects of religious belief, observance, and practice. (4)"Sex" has the same meaning as defined in subdivision (p) of Section 12926 of the Government Code. (5)"Sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation" includes a perception that the person has any particular characteristic or characteristics within the listed categories or that the person is associated with a person who has, or is perceived to have, any particular characteristic or characteristics within the listed categories. (6)"Sexual orientation" has the same meaning as defined in subdivision (q) of Section 12926 of the Government Code."

107.   Through his actions alleged herein, Dinnis committed violence, or intimidation by threat of violence, against Plaintiff.  In doing so, Dinnis violated the civil rights of Plaintiff.

108.   Plaintiff was harmed as a result of those actions.

109.   The Airline Defendants are liable for the actions of its employees under the doctrine of *respondeat superior*.  Dinnis' conduct was committed within the course and scope of his employment. A causal nexus existed between (i) Dinnis' interaction with women working in the travel industry and (ii) his abuse of power to sexually harass them, including Plaintiff.  Each act of battery carried out by Dinnis was foreseeable given Dinnis' known history of assaulting women in work settings.

110.   Dinnis' conduct is not so unusual that it would seem unfair to include the loss resulting from it among other costs of the Airline Defendants' business.  As such, holding the Airline Defendants liable furthers the policy goals of *respondeat superior*, including the prevention of future assaults by employees of the Airline Defendants.

111.   Plaintiff requests relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Violation of California Civil Code § 52.1**
**(Against all Defendants)**

112.   Plaintiff hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

113.   At all times relevant, Article I, Seciton 8 of the California Constitution was in full force and effect and binding on Defendants.  Pursuant thereto, Plaintiff has the right to be free from violence, threats of violence and intimidation.

114.   As alleged herein, Dinnis interfered with, or attempted to interfere with, Plaintiff's peaceable exercise and enjoyment of said rights by threats, intimidation or coercion.

115.   In so doing, Dinnis violated the civil rights of Plaintiff, as set forth in California Civil Code § 52.1.

116.   Plaintiff was harmed as a result of those actions.

117.   The Airline Defendants are liable for the actions of its employees under the doctrine of *respondeat superior*.  Dinnis' conduct was committed within the course and scope of his employment.  A causal nexus existed between (i) Dinnis' interaction with women working in the travel industry and (ii) his abuse of power to sexually harass them, including Plaintiff.  Each act of battery carried out by Dinnis was foreseeable given Dinnis' known history of assaulting women in work settings.

118.   Dinnis' conduct is not so unusual that it would seem unfair to include the loss resulting from it among other costs of the Airline Defendants' business.  As such, holding the Airline Defendants liable furthers the policy goals of *respondeat superior*, including the prevention of future assaults by employees of the Airline Defendants.

119.   Plaintiff requests relief as hereinafter provided.

### NINTH CAUSE OF ACTION
#### Violation of California Civil Code § 52.4
#### (Against Dinnis)

120.   Plaintiff hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

121.   California Civil Code § 52.4(c)(2) prohibits "gender violence," including "a physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, prosecution, or conviction."

122.   Dinnis perpetrated a "physical intrusion or invasion of asexual nature under coercive conditions" against Plaintiff.

123.   Plaintiff was harmed as a result of those actions.

124.   Plaintiff requests relief as hereinafter provided.

### RELIEF REQUESTED

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

a.   All actual, compensatory, liquidated, consequential and general damages, including but not limited to damages for emotional distress, humiliation, embarrassment, anguish, and loss of income, according to proof;

b.   Exemplary and punitive damages in an amount commensurate with Defendants' ability to pay and deter future conduct to the extent allowable by law;

c.   Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law (including pursuant to California Civil Code §§ 52.1(h) and 52.4(a));

d.   Statutory damages to the extent allowable by law (including pursuant to 52(b)(2));

e.   Pre-judgment and post-judgment interest, as provided by law; and

f.   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

DATED: April 23, 2018

By: _____ /s/ Lori E. Andrus
                              Lori E. Andrus

Lori E. Andrus (SBN 205816)

15

COMPLAINT

lori@andrusanderson.com
Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:   (415) 986-1400
Facsimile:    (415) 986-1474

*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial in this action for all claims so triable.

3

DATED: April 23, 2018

By: _____

4

Lori E. Andrus

5

Lori E. Andrus (SBN 205816)

6

lori@andrusanderson.com
Jennie Lee Anderson (SBN 203586)

7

jennie@andrusanderson.com
**ANDRUS ANDERSON LLP**

8

155 Montgomery Street, Suite 900
San Francisco, CA 94104

9

Telephone:   (415) 986-1400
Facsimile:   (415) 986-1474

10

11

*Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   LORI E. ANDRUS (SBN 205816)
    lori@andrusanderson.com
2   JENNIE LEE ANDERSON (SBN 203586)
    jennie@andrusanderson.com
3   ANDRUS ANDERSON LLP
    155 Montgomery Street, Suite 900
4   San Francisco, CA  94104
    Telephone:   (415) 986-1400
5   Facsimile:    (415) 986-1474

6   *Attorneys for Plaintiff*

7   **UNITED STATES DISTRICT COURT**

8   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9   **SAN FRANCISCO DIVISION**

10

11   JANE DOE,                                Civil Action No.

12          Plaintiff,              **PLAINTIFF'S CERTIFICATION OF
                                    INTERESTED PARTIES**
13      vs.

14   VIRGIN AMERICA, INC., ALASKA AIR
     GROUP, INC. and STUART DINNIS,
15
            Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28                                                  Civil Action No.

1    Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named

2 parties, there is no such interest to report.

3

4 DATED: April 23, 2018

By: _____ */s/ Lori Andrus* _____

5                                                       Lori Andrus

6                                          Lori E. Andrus (SBN 205816)
                                           lori@andrusanderson.com

7                                          Jennie Lee Anderson (SBN 203586)
                                           jennie@andrusanderson.com

8                                          **ANDRUS ANDERSON LLP**

9                                          155 Montgomery Street, Suite 900
                                           San Francisco, CA 94104

10                                         Telephone:  (415) 986-1400
                                           Facsimile:   (415) 986-1474

11

12                                         *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Civil Action No.

PLAINTIFF'S CERTIFICATE OF INTERESTED PARTIES

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:18-cv-02420-DMR DOE v. Virgin America, Inc. et al Case Assigned by Intake |
| **Date:** | Monday, April 23, 2018 4:16:17 PM |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

**Notice of Electronic Filing**

The following transaction was entered on 4/23/2018 at 4:15 PM and filed on 4/23/2018
**Case Name:**          DOE v. Virgin America, Inc. et al
**Case Number:**      3:18-cv-02420-DMR
**Filer:**
**Document Number:** 4(No document attached)

**Docket Text:**
**Case assigned to Magistrate Judge Donna M. Ryu.**

Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.

Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days.
Consent/Declination due by 5/7/2018. (srnS, COURT STAFF) (Filed on 4/23/2018)

**3:18-cv-02420-DMR Notice has been electronically mailed to:**

Lori Erin Andrus     lori@andrusanderson.com, jennifer.bolen@andrusanderson.com, joann.pham@andrusanderson.com

**3:18-cv-02420-DMR Please see Local Rule 5-5; Notice has NOT been electronically**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

          Plaintiff,

    v.

VIRGIN AMERICA, INC., et al.,

          Defendants.

Case No.  3:18-cv-02420-DMR

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Donna M. Ryu . When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.  Plaintiffs or removing parties must file a consent or declination to proceed before a magistrate judge within 14 days of the filing of the complaint or the removal.  All other parties must file a consent or declination within 14 days of appearing in the case.  All parties who have made an appearance must file a consent or declination within 7 days of the filing of a dispositive motion or the case will be reassigned to a district court judge.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at http://www.cand.uscourts.gov/adr.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

    IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties

the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California", additional copies of which can be downloaded from the court's Internet website: http://www.cand.uscourts.gov.

| CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| **Date** | **Event** | **Governing Rule** |
| 4/23/2018 | Complaint Filed | |
| 7/25/2018 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference http://www.adr.cand.uscourts.gov<br>(form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(c) & ADR L.R. 3-5(b) |
| 8/8/2018 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br>(also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 8/15/2018 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 1:30 PM in:<br><br>Courtroom 4, 3rd Floor<br>Ronald Dellums Federal Building<br>1301 Clay Street<br>Oakland, CA 94612 | Civil L.R . 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

United States District Court
Northern District of California

2

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

|  |  |
|---|---|
| JANE DOE <br> *Plaintiff(s)* <br><br> v. <br><br> VIRGIN AMERICA, INC., ALASKA AIR GROUP, INC., AND STUART DINNIS <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 4:18-cv-02420-DMR

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
VIRGIN AMERICA, INC.
c/o CT Corporation System
818 W. Seventh Street, Suite 930
Los Angeles, CA 90017
**SEE ATTACHMENT "A" FOR COMPLETE LIST OF DEFENDANTS.

　　　　A lawsuit has been filed against you.

　　　　Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Lori Andrus
Jennie Lee Anderson
Andrus Anderson LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104

　　　　If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 4/24/2018

*Susan Y. Soong*

Jordan Bunyan

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## <u>ATTACHMENT "A" TO SUMMONS</u>

Virgin America, Inc.
c/o CT Corporation System
818 W. Seventh Street, Suite 930
Los Angeles, CA 90017

Alaska Air Group, Inc.
c/o CSC – Lawyers Incorporating Service
300 Deschutes Way SW, Suite 304
Tumwater, WA 98501

Stuart Dinnis
Sniip (Australia) Limited
5/10 Market Street
Brisbane,  QLD Australia 4000

**STANDING ORDER FOR**
**MAGISTRATE JUDGE DONNA M. RYU**
(Revised June 22, 2017)

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at http://www.cand.uscourts.gov. Failure to comply may result in monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## CALENDAR DATES AND SCHEDULING

1.      Civil and criminal motions normally are heard on the second and fourth Thursdays of the month at 11:00 a.m.  Criminal motions may also be heard directly following the criminal calendar, when Judge Ryu is on criminal calendar duty.  Civil case management conferences are heard on the first, third, and fifth Wednesdays of the month at 1:30 p.m.

2.      Parties should notice motions (other than discovery motions) pursuant to the local rules.  Parties need not reserve a hearing date, but should confirm availability at http://www.cand.uscourts.gov by consulting Judge Ryu's calendar and scheduling notes.  The court may reset hearing dates as the court's calendar requires.  Parties seeking to enlarge a filing deadline by filing a motion for administrative relief pursuant to Civil Local Rule 7-11 should file the motion in advance of the filing deadline, rather than on the day a filing is due.  Parties are advised that requests which, in effect, do not allow the court two weeks from the filing of the last brief until the scheduled hearing date are routinely denied.

3.      For scheduling questions, please call Judge Ryu's courtroom deputy, Ivy Garcia, at (510) 637-3639.

## CONSENT CASES

4.      In civil cases that are randomly assigned to Judge Ryu for all purposes, each party should file a written consent to the assignment of a United States Magistrate Judge for all purposes, or written declination of consent, as soon as possible.  If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion.  In no event shall the consent or declination be filed later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

## CHAMBERS COPIES AND PROPOSED ORDERS

5.      Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), parties must lodge an extra paper copy of certain filings and mark it as a copy for "**DMR Chambers**."  All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page.  All exhibits shall be clearly delineated with labels along the right side.  If the filing includes exhibits over two inches thick, the parties shall place the chambers copy in a binder.

1

6.      Any stipulation or proposed order submitted by an e-filing party shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the court.

**CIVIL CASE MANAGEMENT**

7.      No later than seven days before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Court's Standing Order for All Judges of the Northern District of California governing "Contents of Joint Case Management Statement," available on the Court's website.

8.      Parties may not continue a case management conference without court approval.  Each party shall be represented in person at the Case Management Conference by counsel (or a party if in pro se), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order.  Permission for a party to attend by telephone may be granted, in the court's discretion, upon written request made with reasonable advance notice if the court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective conference.  The facts establishing good cause must be set forth in the request.

9.      All hearings and case management conferences are audio recorded.  They are not reported by a court reporter.  Parties may request a copy of the audio recording or transcription by following the procedures set forth at http://cand.uscourts.gov/transcripts.

10.      ECF Filings: All exhibits to motions and/or discovery disputes should be separately filed on ECF (For example, if the motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on).  **All exhibits shall also be filed in a searchable OCR format where possible.**

11.      Motions to File Under Seal: Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal.  If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5.

The parties need not file paper copies of the administrative motion to seal with the clerk's office.  The parties only need to submit chambers copies of the administrative motion to seal and related filings. Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration, although chambers copies should clearly delineate which portions are confidential (via highlighting).  Chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded.  If the parties wish to dispose of documents filed under seal in some other way, they must expressly indicate as much in their sealing motion and make arrangements to pick up the documents upon disposition of the motion.

**CIVIL DISCOVERY**

12.      In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure.  The parties shall not file formal discovery motions.  Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements.  The meet and confer session must **be in person or by telephone**, and may not be conducted by letter, e-mail, or fax.  If disagreements remain, the parties shall file a joint letter **no later than five business days** after the meet and confer session, unless otherwise directed by the court.  **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter.  **The letter must also include a paragraph listing relevant case management deadlines**, including (1) the fact and expert discovery cut-off dates; (2) the last day to hear or file dispositive motions; (3) claim construction or class certification briefing deadlines and hearing dates; and (4) pretrial conference and trial dates.  **Going issue-by-issue**, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and **provide each party's final proposed compromise** before moving to the next issue.  The joint letter shall not exceed **five** pages (12-point font or greater; margins no less than one inch) without leave of court.  **Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.**  In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed **two** pages, which shall include an explanation of why a joint letter was not possible.  The parties shall submit one exhibit that sets forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto.  No other information shall be included in the exhibit.  No other exhibits shall be submitted without prior court approval.  The court will review the submission(s) and determine whether formal briefing or proceedings are necessary.  **Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related Filings > Motions - General > "Discovery Letter Brief".**

13.      The court has found that it is often efficient and beneficial for counsel to appear in person at discovery hearings.  This provides the opportunity to engage counsel, where appropriate, in resolving aspects of the discovery dispute while remaining available to rule on disputes that counsel are not able to resolve themselves.  **For this reason, the court expects counsel to appear in person.**  Permission to attend by telephone may be granted upon advance written request if the court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective discovery hearing.  The facts establishing good cause must be set forth in the request.

14.      If parties believe a **protective order** is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/model-protective-orders).  Parties shall file one of the following with their proposed protective order: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.

15.      If a party withholds responsive information by claiming that it is privileged or otherwise protected from discovery, that party shall produce a **privilege log** as quickly as possible, **but no later than**

3

**fourteen days after its disclosures or discovery responses are due**, unless the parties stipulate to or the Court sets another date.  Privilege logs must be sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified.  Unless the parties agree to alternative logging methods, the log should include: (a) the title and description of the document, including number of pages or Bates-number range; (b) the subject matter addressed in the document; (c) the identity and position of its author(s); (d) the identity and position of all addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and (f) the specific basis for the claim that the document is privileged or protected.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.  Failure to timely furnish a privilege log may be deemed a waiver of the privilege or protection.

**SUMMARY JUDGMENT**

16.     In most summary judgment motions, the parties should be able to agree on certain undisputed facts.  The court encourages the parties to file a joint statement of undisputed facts whenever feasible.

**SELF REPRESENTED (PRO SE) PARTIES**

17.     Parties representing themselves should visit the Quick Link titled "If You Don't Have a Lawyer" on the Court's homepage, http://cand.uscourts.gov/proselitigants. The link discusses the Court's "Legal Help Center" for unrepresented parties, and provides addresses and contact information for the three branches, which are located in the San Francisco, Oakland and San Jose courthouses.

**LAWYER DEVELOPMENT**

18.     The court strongly encourages parties to contribute to the development of the bar by permitting less experienced lawyers to argue motions, have a significant participatory role in settlement conferences, and examine witnesses at trial.

IT IS SO ORDERED.

DONNA M. RYU
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

## ECF Registration Information

Electronic Case Filing "ECF" or "e-filing" is mandatory for all civil cases in this Court. Please refer to Civil Local Rule 5-1 for the Court's rules pertaining to electronic filing.

Parties who are representing themselves pro se (without attorney representation) are not required to e-file and, in fact, may e-file only with the permission of the assigned judge.

Please review and attend to the following important notes and tasks:

- Serve this ECF Registration Information Handout on all parties in the case along with the complaint or removal notice and the other documents generated by the court upon filing.

- If not already registered, each attorney in the case must register to become an e-filer at cand.uscourts.gov/ECF. Your ECF registration is valid for life in this district; please do not register more than once.

  IMPORTANT NOTICE: by signing and submitting to the court a request for an ECF user id and password, you consent to entry of your email address into the court's electronic service registry for electronic service on you of all e-filed papers, pursuant to rules 77 and 5(b)(2)(d) of the Federal Rules of Civil Procedure.

- If you are a party and do not have an attorney and would like to e-file in the case, please visit cand.uscourts.gov/ECF/proseregistration for instructions and information. Unless and until the assigned judge has given you permission to e-file, you are required to file and serve papers in hard copy (paper) form.

- Access dockets and documents using your PACER (Public Access to Court Electronic Records) account. If your firm already has a PACER account, please use that account. It is not necessary to have individual PACER accounts for each user in your office. To set up an account, visit: pacer.gov or call (800) 676-6856.

Instructions and tips for e-filing and other information are available at cand.uscourts.gov/ECF.

These are the documents marked Exhibit 'A' to the

affidavit of WAYNE REILLY

sworn 5th June 20 18

**Deponent**

**Justice of the Peace**
~~Commissioner of Declarations~~

Received

SEP 2 8 2018